CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

AUG 2 0 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JAMES MADISON FRANKLIN HUGHES,
    Petitioner,                             Civil Action No. 7:08-cv-00472

v.                                       **MEMORANDUM OPINION**

B. WATSON, WARDEN,             By:    Hon. Glen E. Conrad
    Respondent.                             United States District Judge

      Petitioner James Madison Franklin Hughes, a Virginia inmate proceeding pro se, submits to the court his petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He challenges the validity of his confinement under the 1998 judgment of the Halifax County Circuit Court, convicting him on crack cocaine charges and sentencing him to a total of fifty-six (56) years imprisonment. Hughes asserts that he has new evidence which, if developed through scientific testing, will demonstrate his innocence of these charges. However, court records indicate that the petitioner has previously filed a § 2254 petition concerning the same convictions, Civil Action No. 7:00CV00933. Thus, the petitioner's current petition is a subsequent one, falling under the prohibition against second or successive § 2254 petitions in 28 U.S.C. § 2244(b). Pursuant to this section, a federal district court may consider a second or successive § 2254 petition only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. § 2244(b). Because the petitioner has not submitted any evidence that he has obtained such certification by the Court of Appeals, the court will dismiss the petition without prejudice as successive.

      Hughes also files a separate motion for forensic analyzation and comparison of evidence. He states that on the day of trial, the prosecutor gave certain photographs to defense counsel and characterized them as being taken from a video tape which Hughes now claims did not exist.

Hughes states that he has obtained affidavits from the man portrayed in the photographs (his brother, who also confesses to the drug crimes for which Hughes was convicted) and other citizens whose testimony, along with the photographs, will prove that Hughes was misidentified and is actually innocent. Because Hughes has already pursued one § 2254 action in this court, he must seek certification from the Fourth Circuit before he may pursue a second § 2254 here in reliance on new evidence. Accordingly, the court will deny his motion without prejudice. An appropriate order shall be issued this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

ENTER: This 20th day of August, 2008.

_____
United States District Judge